[No. A032019. First Dist., Div. One. Apr. 8, 1987.]

MICHAEL TURTURICI, Plaintiff and Appellant, v.
CITY OF REDWOOD CITY et al., Defendants and Respondents.

COUNSEL

Christopher D. Burdick, Gary M. Messing, Elizabeth A. Reifler, William H. Sortor and Carroll, Burdick & McDonough for Plaintiff and Appellant.

David E. Schricker, City Attorney, Susan W. Case, Senior Assistant City Attorney, and Dick A. Schouten, Assistant City Attorney, for Defendants and Respondents.

## OPINION

RACANELLI, P. J.—The question in this appeal is whether a supervisor's negative comments in an employee's performance evaluation constitute "punitive action" so as to trigger the employee's rights to an administrative appeal. We conclude they do not, and we affirm the judgment.

### FACTS

Plaintiff Michael Turturici is a sergeant on the Redwood City police force. In January 1984, plaintiff's supervisor, Lieutenant Granucci, prepared a "performance appraisal" which contained some critical comments on plaintiff's job performance.

At the conclusion of the performance appraisal in the "Recommendations" section, Lieutenant Granucci wrote: "He must bring his performance up to a satisfactory level during the next evaluation period. *If he fails to perform satisfactorily [sic], I recommend disciplinary action be taken* which could result in a reduction in pay or termination of service." (Italics added.)

Plaintiff received a copy of the appraisal and indicated he would respond. But he did not do so. Instead his attorneys asked for an administrative appeal. The chief of police denied the request.

Thereafter, plaintiff filed the present lawsuit for mandamus and declaratory relief seeking a declaration that his adverse performance appraisal enti-

tled him to an administrative appeal and further seeking to compel the city and the chief of police to provide plaintiff with an administrative appeal of his performance appraisal.

The trial court concluded that a negative personnel evaluation is not punitive action, and thus the city was not required to provide plaintiff an appeal. Accordingly, the court denied the petition for a writ of mandate. Plaintiff now appeals.

### DISCUSSION

Plaintiff's claim to an administrative appeal of his performance appraisal rests primarily on the Public Safety Officers Procedural Bill of Rights Act (Gov. Code, § 3300 et seq.). That act entitles public safety officers to an administrative appeal whenever "punitive action" is undertaken.[1] (See generally *White* v. *County of Sacramento* (1982) 31 Cal.3d 676 [183 Cal.Rptr. 520, 646 P.2d 191].) "Punitive action" is defined as "any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment." (Gov. Code, § 3303.)

Plaintiff argues that the negative comments contained within his performance appraisal, especially the recommendation that future discipline be imposed, amount to punitive action for which an administrative appeal must be afforded. Plaintiff reasons there is no difference between a letter of reprimand and the comments contained in his performance appraisal.

The argument is not convincing. First of all, the Supreme Court has interpreted the statute to mean that the right of administrative appeal is provided whenever "disciplinary action is taken." (*White* v. *County of Sacramento, supra,* 31 Cal.3d at p. 683 [reassignment to lower paying position was disciplinary in nature and hence "punitive action"].) Stated another way, the question is "whether there was a detriment to the officer." (*McManigal* v. *City of Seal Beach* (1985) 166 Cal.App.3d 975, 981 [212 Cal.Rptr. 733].) Here, plaintiff's performance evaluation is not detrimental to the officer. It does not impose discipline, and it does not subject plaintiff to any punishment. The performance appraisal merely recommends discipline as a future conditional event: *if* plaintiff's performance does not improve.

Moreover, the nature of an employee evaluation is such that negative

---

[1]Government Code section 3304, subdivision (b) provides: "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal."

comments may be expected. Certainly, the Legislature did not contemplate an administrative appeal every time an employee receives an adverse evaluation. Indeed, the Legislature has obviously drawn a distinction between "punitive action" and adverse comments entered in a personnel file. As to the former, an administrative appeal is mandated (Gov. Code, § 3304, subd. (b)), but as to the latter, the officer merely has the right to notice and to respond (Gov. Code, §§ 3305, 3306).[2] The city fulfilled its duties under the latter sections. Plaintiff was given a copy of his performance appraisal and was invited to respond. Indeed, even after the 30 days had elapsed, the chief of police invited plaintiff to submit a response. He chose not to do so.

Plaintiff relies on *Hopson* v. *City of Los Angeles* (1983) 139 Cal.App.3d 347, 352-353 [188 Cal.Rptr. 689], in which the court held that placing a derogatory police commission report in the personnel files of two police officers amounted to punitive action. But *Hopson* is distinguishable. There, the commission report was prepared in the aftermath of a highly publicized police shooting of a private citizen. The commission acted after the chief of police had decided no discipline should be imposed on the officers. The commission concluded that the two police officers made serious errors in judgment and violated departmental policy concerning the use of firearms and deadly force. But the commission also concluded any attempt to impose discipline upon the officers after the chief's decision was final would violate due process. Accordingly, the commission directed that a copy of the report be placed in the officers' personnel files. Under such circumstances, the court held that the placing of the report in the files constituted "punitive action."

In the present case, in contrast, the performance appraisal was a regularly scheduled employee evaluation, the purpose of which was to point out areas in which the employee needs improvement. The form lists the purposes of the evaluation: "[To]

"1.   Develop the individual to the fullest potential.

"2.   Communicate on desired or necessary performance improvement.

"3.   Recognize and commend exceptional performance.

---

[2]Government Code section 3305 provides in pertinent part: "No public safety officer shall have any comment adverse to his interest entered in his personnel file, or any other file used for any personnel purposes by his employer, without the public safety officer having first read and signed the instrument containing the adverse comment indicating he is aware of such comment, . . ."

Section 3306 provides: "A public safety officer shall have 30 days within which to file a written response to any adverse comment entered in his personnel file. Such written response shall be attached to, and shall accompany, the adverse comment."

"4. Listen to the individual's comments about this performance appraisal.

"5. Suggest specific courses of action to help the individual improve weaknesses."

The object was not to impose punishment but to assist the employee in *avoiding* it. That Lieutenant Granucci fulfilled that purpose and focused plaintiff's attention on areas needing improvement does not render the evaluation "punitive action."

We conclude that "punitive action" does not include negative comments contained within a job performance evaluation. Hence, plaintiff was not entitled to an administrative appeal.[3]

The judgment is affirmed.

Elkington, J., and Newsom, J., concurred.

A petition for a rehearing was denied May 8, 1987, and appellant's petition for review by the Supreme Court was denied July 1, 1987.

---

[3]Plaintiff additionally contends that the city's failure to afford him an administrative appeal violated the memorandum of understanding (MOU). We disagree.

The new MOU provides a grievance procedure to challenge any "punitive disciplinary action." Punitive disciplinary action within the MOU virtually parallels the definition of the term "punitive action" provided in the Public Safety Officers Procedural Bill of Rights Act.

For the reasons discussed above, the criticisms of plaintiff's job performance contained within the performance evaluation report do not constitute punitive disciplinary action, and thus plaintiff was not entitled to utilize the grievance procedure.