[No. D007349. Fourth Dist., Div. One. Apr. 18, 1989.]

JOHN R. HOWITT, Plaintiff and Appellant, v.
COUNTY OF IMPERIAL et al., Defendants and Respondents.

**COUNSEL**

Thistle & Krinsky and Daniel J. Sullivan for Plaintiff and Appellant.

Thomas M. Fries, County Counsel, James Calkins, John Lenderman and Marjorie E. R. Brown, Deputy County Counsel, for Defendants and Respondents.

**OPINION**

**WORK, Acting P. J.**—John R. Howitt appeals the denial of a writ of mandate to compel the County of Imperial and Oren R. Fox, the Sheriff-Coroner of Imperial County, to provide him an administrative appeal from the decision denying him a merit step salary increase. Howitt contends he is entitled to this appeal under the Public Safety Officers Procedural Bill of Rights Act (Act). (Gov. Code,[1] § 3300 et seq.) We hold Howitt has not suffered a punitive action as required by the Act and, thus, is not entitled to an administrative appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

After being denied an annual merit pay increase in his job because of an unfavorable review of his performance, Howitt filed an employee grievance seeking reevaluation and the salary boost. Although the grievance was not filed within the required time, Sheriff Fox reviewed the evaluation, recommended one minor change and denied the pay increase. Howitt was not allowed to participate in a formal appeal of the review.

Howitt then sought mandate in the superior court, asking for an appellate hearing into the denial of the pay increase.[2] His petition was based on

---

[1] All statutory references are to the Government Code unless otherwise specified.

[2] Howitt's original motion requested the writ of mandate to compel the Sheriff and Imperial County to grant him the merit pay increase, both retroactively and prospectively, and to

sections 3300 et seq., which require an administrative appeal for all public safety officers who have been subjected to punishment. The court denied the writ, and a later motion for new trial.

## DISCUSSION

### DENIAL OF A MERIT INCREASE IS NOT PUNITIVE ACTION

Section 3304, subdivision (b) gives any "public safety officer" subjected to punitive action the right to an administrative appeal.[3] The term "punitive action" is defined in section 3303: "For the purpose of this chapter, punitive action is defined as any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment."

■ Clearly, the unfavorable review in itself was not punitive. In *Turturici* v. *City of Redwood City* (1987) 190 Cal.App.3d 1447 [236 Cal.Rptr. 53], the court stated: "We conclude that 'punitive action' does not include negative comments contained within a job performance evaluation. Hence, plaintiff was not entitled to an administrative appeal." (*Id.* at p. 1451, fn. omitted.) Similarly, the unfavorable review placed in Howitt's file did not in itself require an administrative appeal.

We next consider whether denying Howitt a salary step increase based on this unfavorable evaluation is a punitive action. ■ Howitt contends that although his salary was never actually reduced, denying him the increase in salary was the equivalent of a reduction in salary, and any reduction in salary is a punitive act requiring an administrative appeal. We agree a reduction in Howitt's salary could constitute a punitive action entitling him to an administrative appeal (*White* v. *County of Sacramento* (1982) 31 Cal.3d 676, 681-682 [183 Cal.Rptr. 520, 646 P.2d 191]), but denying Howitt an increase in pay which he has not earned does not reduce his compensation. Although Howitt claims the only requirement for a merit step pay increase is longevity in the rank of deputy sheriff, this contention is clearly contradicted by the county ordinance governing salary step increases. The ordinance states, "Salary step increases are not automatic, but shall be given

grant him a meaningful name-clearing hearing. At trial, Howitt's counsel stated, "we are asking only that Deputy Howitt be given an appellate hearing into the denial of the pay increase because of punitive reasons."

[3] "No punitive action, nor denial of promotion on grounds other than merit, shall be undertaken by any public agency without providing the public safety officer with an opportunity for administrative appeal." (§ 3304, subd. (b).) The term "public safety officer" refers to peace officers. (See § 3301.) There is no disagreement that Howitt, as a deputy sheriff, falls within this category.

only for performance of satisfactory service. . . ." (County of Imperial Ord., § 24305, par. (1).) The following paragraph of the ordinance goes on to state, in part, "the department head shall advise the Personnel Director in writing on the appropriate form whether he wishes to grant or deny the salary increase, supplementing his recommendation by a performance rating. . . ." (County of Imperial Ord., § 24305, par. (2).) Howitt's expectation of a merit increase was limited to his receiving a satisfactory performance rating. He did not obtain that favorable rating and did not fulfill the condition precedent required by the salary ordinance. Even so, his salary was not reduced and no punitive action was taken.

Howitt meritlessly contends that even if being denied a grade increase in salary is not punitive per se, it is punitive in fact. The applicable statute states that no administrative appeal is required when the public safety officer is denied a promotion on the basis of merit. (§ 3304, subd. (b).) Although a merit salary increase is not, technically speaking, a promotion, the same rationale applies. Howitt was denied an increase in salary based on merit. The employer should have discretion to give promotions and salary increases based on merit, without being required to justify each such decision at an appellate hearing. If there is any distinction between a promotion and a salary increase, the promotion would be the more important to the employee and entitled to greater protection.

We conclude the acts of which Howitt complains are not punitive. His salary was not reduced and the acts do not fall under any other category listed as punitive.[4] The statute Howitt relies upon requires an administrative hearing only where the officer has suffered a punitive action.[5]

Judgment affirmed.

Benke, J., and Nares, J., concurred.

---

[4] Dismissal, demotion, suspension, written reprimand, and transfer for purposes of punishment are the other actions defined by the statute as punitive. (§ 3303.)

[5] In light of this conclusion, we need not address the other issues presented.