[No. D011387. Fourth Dist., Div. One. Feb. 25, 1991.]

WILLIAM R. HAIGHT, Plaintiff and Appellant, v.
CITY OF SAN DIEGO et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

---

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part I.

COUNSEL

Everett L. Bobbitt for Plaintiff and Appellant.

John W. Witt, City Attorney, Ronald L. Johnson and Eugene P. Gordon, Chief Deputy City Attorneys, and Francis X. Sullivan, Deputy City Attorney, for Defendants and Respondents.

OPINION

HUFFMAN, J.—William R. Haight appeals from the final judgment denying his petition for writ of mandate to direct the City of San Diego and its law enforcement officers (collectively City) to remove and destroy the separation report from his police officer personnel records or grant him an administrative hearing on the validity of derogatory allegations contained in the report. We shall conclude the trial court properly denied his request for mandamus relief because Haight had no liberty or property interest falling under Fourteenth Amendment protection at the time of City's actions.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

[Haight, a four- and one-half-year veteran with City's police department, voluntarily resigned from the department November 22, 1984. At the time of his resignation, an investigation concerning a citizen's complaint Haight used excessive force during an arrest was still pending.

[On March 5, 1985, Haight reviewed his personnel file and the internal affairs investigation file concerning the citizen's complaint. He discovered a "Terminated Officer Evaluation" (TOE) form dated "10/25/84" and a "Supervisor's Employee Separating Reporting Form" (Separation Report) dated December 6, 1984, in his personnel file. Both documents had been placed in his file without first being shown to him. The Separation Report and TOE were prepared by Haight's supervising Sergeant of Police, Keith R. Grote. The TOE listed his performance as "average," while the Separation Report listed his overall performance as a police officer as "improvement needed" based on an earlier periodic evaluation and the sustaining of the citizen's complaint against Haight. The Separation Report recommended he not be considered for rehire.

[Thereafter, Haight's attorneys demanded the City remove any derogatory material from his records or provide him with copies of documents supporting the allegations and grant an administrative hearing to examine the validity of the allegations. The City rejected these demands.

---

[2] We take the bracketed facts from our earlier opinion in this case, see *post*, this page and page 416.

[On August 23, 1985, Haight filed a verified petition in the superior court for a writ of mandate under Code of Civil Procedure section 1085 to compel City to grant his demands and alternatively complained for damages, injunction and declaratory relief. A hearing was then set to determine whether a peremptory writ should issue on his petition. The court determined it should not, and entered a formal order denying the petition for writ of mandate November 12, 1985.]

Haight timely appealed from that order and in an unpublished opinion (*Haight* v. *City of San Diego* (Dec. 11, 1986) D004049) we dismissed his appeal on grounds it was premature based upon the one-final-judgment rule.

■■■■ On December 6, 1989, Haight dismissed the other causes in his lawsuit and filed notice of appeal from the judgment entered on the denial of his original mandamus request.[3] City immediately moved to dismiss this second appeal on grounds it was untimely and/or this court lacked jurisdiction to hear it.

We denied the motion and stated, "The parties may address the issue of whether delay has an effect upon the merits of the appeal in their briefs."

In addition to addressing the issue of delay, Haight again contends he was denied his right to an administrative hearing on derogatory material contained in the Separation Report placed in his personnel file after he voluntarily resigned from City's police department. We conclude the delay was not prejudicial and Haight is not entitled to an administrative hearing under the facts of this case.

## DISCUSSION

### I

### *Laches**

·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·   ·

---

[3] Even though a separate formal judgment has not been entered upon the order denying the petition for writ of mandate, such is properly treated as a final judgment in a special proceeding for purposes of appeal. (See *Dunn* v. *Municipal Court* (1963) 220 Cal.App.2d 858, 863, fn. 1 [34 Cal.Rptr. 251].)

* See footnote 1, *ante*, page 413.

## II

### *Administrative Hearing*

■ Haight's claim of entitlement to an administrative hearing concerning certain statements contained within his Separation Report rests primarily on Government Code[4] section 3304, subdivision (b) of the Public Safety Officers Procedural Bill of Rights Act (The Act) (§ 3300 et seq.)[5] and article 41, section VII, subsection E of the memorandum of understanding (MOU) entered into on the first day of July 1984 by and between City and the San Diego Police Officers Association.[6] He specifically argues City's refusal to grant him a "name-clearing" hearing as required by statute and the MOU concerning the derogatory comments in the Separation Report placed in his personnel file after his departure from the police force, which he characterizes as "punitive" action, denied him a liberty interest in his good reputation without due process in violation of the state and federal constitutions. Haight, however, fails to recognize he no longer has a due process right to a liberty interest hearing.

Before the requirements of procedural due process under the federal or state Constitutions come into play, one must be deprived of an interest in " 'life, liberty, or property.' " (*Burnley* v. *Thompson* (5th Cir. 1975) 524 F.2d 1233, 1240.)

" 'The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property. When protected interests are implicated, the right to some kind of prior hearing is paramount.' [Citation.] Thus, application of this principle requires a two-step analysis[:] 'We must first ask whether the asserted individual interests are encompassed within the Fourteenth Amendment's protection of "life, liberty or property"; if protected interests are implicated, we must then decide what procedures constitute "due process of law." ' [Citation.]" (*Murden* v. *County of Sacramento* (1984) 160 Cal.App.3d 302, 307 [206 Cal.Rptr. 699].)

Here, neither The Act nor the MOU provides Haight with a property or liberty interest. By their terms, The Act and the MOU pertain to actively

---

[4] All statutory references are to the Government Code unless otherwise specified.

[5] This specific section gives any "public safety officer" subjected to punitive action, defined as "any action which may lead to dismissal, demotion, suspension, reduction in salary, written reprimand, or transfer for purposes of punishment . . ." (§ 3303), the right to an administrative appeal.

[6] This article of the MOU provides "[a]ny officer receiving a written reprimand, a written warning, or a less than satisfactory performance report shall have a right of appeal to the Police Chief or his designee."

employed police officers or officers whose employment is being or has been terminated by the police department. They do not refer to persons, like Haight, who have voluntarily resigned from employment.

Clearly, Haight, voluntarily an ex-employee of the police department, does not have a property interest in continued government employment as he does not have a "legitimate claim of entitlement to it." (*Board of Regents* v. *Roth* (1972) 408 U.S. 564, 577 [33 L.Ed.2d 548, 561, 92 S.Ct. 2701].) Nor has he shown a constitutionally protected liberty interest.

The cases on which Haight relies for support of his arguments for a liberty interest hearing all involve some type of action taken by the government agency in connection with the loss of a government benefit, specifically employment. (See *Lubey* v. *City and County of San Francisco* (1979) 98 Cal.App.3d 340, 346-347 [159 Cal.Rptr. 440]; *Murden* v. *County of Sacramento, supra,* 160 Cal.App.3d at p. 308; *Adler* v. *Los Angeles Unified School Dist.* (1979) 98 Cal.App.3d 280, 285 [159 Cal.Rptr. 528].)[7]
It is well established "[a] person's protected interests are not infringed merely by defamatory statements, for an interest in reputation alone is not a constitutionally protected liberty interest. [Citation.] Rather, the liberty interest is infringed only when the defamation is made in connection with the loss of a government benefit, such as, . . . employment. [Citations.]" (*Murden* v. *County of Sacramento, supra,* 160 Cal.App.3d at p. 308.)

Moreover, federal constitutional law has generally not considered a label of incompetence or a charge "peculiarly within the scope of employer-employee relations" as an infamy constitutionally requiring procedural protection. (See *Stretten* v. *Wadsworth Veterans Hospital* (9th Cir. 1976) 537 F.2d 361, 366.)

Even assuming Haight had a protectible liberty interest in the comments written in his Separation Report, we have previously held " 'punitive action' does not include negative comments contained within a job performance evaluation . . ." (*Howitt* v. *County of Imperial* (1989) 210 Cal.App.3d 312, 314 [258 Cal.Rptr. 384], citing *Turturici* v. *City of Redwood City* (1987) 190 Cal.App.3d 1447, 1451 [236 Cal.Rptr. 53]), and the placement of the unfavorable review in the police officer's file does not in and of itself require an administrative appeal. (*Ibid.*) Rather, under both The Act and the MOU, an officer merely has the right to notice and to

---

[7]Even though Adler, like Haight, voluntarily resigned his government position, such resignation was impliedly found to have been coerced, and thus mandamus relief was granted on the basis Adler was not given a hearing on his unsatisfactory performance rating as required by the employer's grievance procedures for employees terminated by the employer. (*Adler* v. *Los Angeles Unified School Dist., supra,* 98 Cal.App.3d at p. 285.)

respond (*Turturici* v. *City of Redwood City, supra*, 190 Cal.App.3d at p. 1450; The Act [§§ 3305, 3306] and art. 41, § VIII of the MOU, both provide for notice of the adverse comments and 30 days for an officer to respond to the comments entered into the personnel files) and such procedure was substantially provided here.

The Separation Report was not prepared until after Haight's voluntary departure. While he was not given notice of its initial entry, he was given the right to respond within 30 days after he noticed the comments in the Separation Report. Further, he had earlier been given the opportunity to be heard on the below average supplemental evaluation report and the internal affairs investigation on which the unfavorable comments in the Separation Report were based.

The trial court properly concluded under these facts Haight did not have a protected liberty interest entitling him to an administrative name-clearing hearing.

### DISPOSITION

Judgment affirmed.

Benke, Acting P. J., and Froehlich, J., concurred.

A petition for a rehearing was denied March 18, 1991, and appellant's petition for review by the Supreme Court was denied May 16, 1991.