James **BRADDOCK**, Plaintiff—
Appellant,

v.

**CLARK COUNTY**, a Nevada political
subdivision, Defendant—
Appellee.

No. 04–15552.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2005.*

Decided Dec. 12, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kirk T. Kennedy, Esq., Las Vegas, NV, for Plaintiff–Appellant.

Stephanie A. Barker, Clark County District Attorney's Office, Civil Division, Las Vegas, NV, for Defendant–Appellee.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Peterson v. Hewlett–Packard Co.*, 358 F.3d 599, 602 (9th Cir.2004).

Before: TROTT, T.G. NELSON, and PAEZ, Circuit Judges.

## MEMORANDUM **

James Braddock appeals the district court's order dismissing his 42 U.S.C. § 1983 claims pursuant to Federal Rule of Civil Procedure 56(c). Braddock argues that Clark County violated his procedural and substantive due process rights when it reprimanded him without holding a hearing and suspended him for one day after an allegedly biased and procedurally deficient hearing. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo*.[1] For the reasons set forth below, we affirm.

## I. Braddock's procedural due process claims.

### A. The written reprimand did not implicate Braddock's liberty or property interests.

Because Braddock has not established that the county deprived him of a protected liberty or property interest, the county is entitled to summary judgment on this issue. The county did not terminate Braddock and did not alter his rights or status as an employee when it reprimanded him.[2] Thus, Braddock has failed to

2. *See Stiesberg v. California,* 80 F.3d 353, 356 (9th Cir.1996) (rejecting the notion that a disciplinary action with no adverse effect on the employee's rank, pay, or privileges gives rise to a procedural due process claim); *id.* at 357 (holding that plaintiff's transfer to another position and evidence that his employer

show that the county deprived him of a protected liberty interest.[3]

■ The procedures in Braddock's union's collective bargaining agreement with the county do not significantly constrain his employer's discretion in the decision-making process; thus, they are merely "safeguards that *should* apply" when an employer issues a written reprimand.[4] Consequently, Braddock's employer's failure to follow them did not implicate a protected property interest.

**B. The county's pre- and post-suspension procedures did not violate Braddock's procedural due process rights.**

■ Because the county's pre- and post-suspension procedures afforded Braddock notice and a meaningful opportunity to challenge his suspension, the county is entitled to summary judgment on Braddock's remaining procedural due process claims.[5]

Braddock has failed to show that a genuine issue of material fact exists regarding the alleged bias of his supervisor. Even if he had made the requisite showing, another supervisor independently verified the information underlying the charge against Braddock prior to suspending him. Braddock also does not explain how the destruction of his inspection reports deprived him of the opportunity to defend himself. Thus, with respect to this issue, summary judgment is justified.

**II. Substantive due process claim.**

■ Braddock argues that the county's allegedly flawed application of its disciplinary procedures violated his substantive due process rights. Braddock does not allege conduct serious enough to state a claim under substantive due process.[6]

verbally insulted him were insufficient to implicate a protected liberty interest).

3. *See Vanelli v. Reynolds Sch. Dist. No. 7,* 667 F.2d 773, 777–78 (9th Cir.1982) (holding that an employee's interest in liberty is implicated when: (1) the employee contests the accuracy of a charge against him; (2) there is some public disclosure of the charge; and (3) the charge is made in connection with the employee's termination or the alteration of some right or status that state law recognizes).

4. *Stiesberg,* 80 F.3d at 356–57 (emphasis added).

5. *See Mustafa v. Clark County Sch. Dist.,* 157 F.3d 1169, 1177 (9th Cir.1998) (per curiam) (holding that due process does not entitle a public employee to a pre-suspension hearing so long as a post-suspension hearing is held promptly and the employer's decision to suspend the employee is not "baseless or unwarranted" (internal quotation marks omitted)); *see also Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 545–46, 105 S.Ct. 1487, 84

L.Ed.2d 494 (1985) (holding that a public employee threatened with *termination* is entitled to a very limited pre-termination hearing as "an initial check against mistaken decisions," and that a hearing that includes oral or written notice of the charges, an explanation of the employer's evidence, and an opportunity for the employee to tell his side of the story satisfies due process).

6. *See, e.g., Fontana v. Haskin,* 262 F.3d 871, 881 n. 6 (9th Cir.2001) (stating that allegations of rape or sexual harassment by public officials state substantive due process claims); *L.W. v. Grubbs,* 92 F.3d 894, 896 (9th Cir. 1996) ("[D]eliberate indifference on the part of [an] official, to the safety of employees in the presence of known danger, ... is sufficient to establish a [substantive] due process violation."); *Wood v. Ostrander,* 879 F.2d 583, 588 (9th Cir.1989) (holding that plaintiff stated a substantive due process claim based on evidence that police arrested the driver of the car in which she was a passenger, impounded the car, and left plaintiff stranded in a high-crime area at night where she was raped).

Thus, the county is entitled to summary judgment on this claim.

**AFFIRMED.**