Steven S. ANDERSON, a single man, Plaintiff—Appellant,

v.

CITY OF SCOTTSDALE, a municipal corporation of the State of Arizona; Douglas L. Bartosh, as Chief of Police of the Scottsdale Police Department, and in his personal capacity, husband; Diana Bartosh, wife, aka Jane Doe Bartosh; Diane Taylor, a single woman, as Executive Assistant Chief of Police of the Scottsdale Police Department, and in her personal capacity; Allen Steve Garrett, as Crime Laboratory Section Manager of the Scottsdale Police Department, and in his personal capacity, husband; Storme Garrett, wife, aka Jane Doe Garrett; Lupe Gutierrez, as a Fingerprint Technician of the Scottsdale Police Department, and in her personal capacity, wife; Albert Gutierrez, husband, aka John Doe Gutierrez; Helen Zavala–Gandara; Mario A. Zavala, Defendants—Appellees.

---

No. 04–15826.
D.C. No. CV–01–01770–MHM.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2005.*

Decided Dec. 21, 2005.

Michael R. Pruitt, Esq., Bobbie J. Rasmusson, Esq., Jackson White Gardner Weech & Walker, Mesa, AZ, for Plaintiff–Appellant.

Robert Scott Currey, Sherry R. Scott, Esq., Scottsdale City Attorney's Office, Scottsdale, AZ, for Defendants–Appellees.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*    Fed. R.App. P. 34(a)(2).

Before BRUNETTI and KOZINSKI, Circuit Judges, and HOGAN,** District Judge.

## MEMORANDUM ***

Anderson has not presented evidence from which a jury could rationally conclude that the City was on notice that he was experiencing a racially hostile work environment; therefore this claim fails. *See Ellison v. Brady*, 924 F.2d 872, 881–82 (9th Cir.1991).

■■■ Even assuming Anderson has a prima facie case for racial discrimination under Title VII, this claim fails because he has not rebutted the City's explanations for his transfer and its decision not to promote him. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640–42 (9th Cir.2004). Here, the City documented extensive behavioral problems with Anderson, which justified his transfer. With respect to the promotion, Anderson scored lower on a written test than the person who was promoted instead of him, and Anderson had inferior credentials. For those reasons, Anderson's 42 U.S.C. § 1981 claim also fails. *See Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1029 (9th Cir.2003).

■■■ Anderson has not produced any evidence to support a causal link between his complaints about his co-workers over a ten-year period and his transfer out of the Identification Unit in 2001, therefore, his Title VII retaliation claim fails. *See Raad v. Fairbanks N. Star Borough Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir.2003).

■■■ Anderson's First Amendment claim fails because Anderson has not shown that his speech involved a matter of public concern, rather than employee grievances. *See Coszalter v. City of Salem*, 320 F.3d 968, 973–74 (9th Cir.2003).

■■■ Since Anderson has not shown that his transfer was anything other than a lateral transfer, his due process claim fails. *See Stiesberg v. California*, 80 F.3d 353, 356 (9th Cir.1996).

Anderson's remaining claims all challenge the discretion of the district court, and Anderson has not shown that the district court abused its discretion.

Anderson's request for attorneys' fees is denied because Anderson is not a prevailing party.

AFFIRMED.

** The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.