**Antonio ABEL, a single person; and Keith A. Freeman, a single person, Plaintiffs–Appellants,**

v.

**CITY OF ALGONA, a Washington municipal corporation; Steven T. Jewell; Jane Doe Jewell, husband and wife; David Hill; Jane Doe Hill, husband and wife; and Joseph Scholz, a single person, Defendants–Appellees.**

No. 08–35918.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 8, 2009.*

Filed Oct. 13, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

314

Troy R. Nehring, Esquire, Walter H. Olsen, Jr., Esquire, Olsen Law Firm, Kent, WA, for Plaintiffs–Appellants.

Patricia K. Buchanan, Sean David Jackson, Patterson Law, Seattle, WA, Jeffrey Scott Myers, Esquire, Law Lyman Daniel Kamerrer, et al, Olympia, WA, for Defendants–Appellees.

Before: D.W. NELSON, SILVERMAN and IKUTA, Circuit Judges.

### MEMORANDUM **

Because Antonio Abel and Kenneth Freeman (the "Officers") were placed on "administrative assignment" without loss of pay or rank, such assignment did not effect a deprivation of property for purposes of a 42 U.S.C. § 1983 due process claim. *See Stiesberg v. California,* 80 F.3d 353, 355–57 (9th Cir.1996) (citing

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

cases). Nor is there a clearly established due process right to a hearing before employees are put on leave with pay. *Dias v. Elique,* 436 F.3d 1125, 1132 (9th Cir.2006). Moreover, the Officers have not presented evidence that the administrative assignment constituted a removal, suspension, demotion, or discharge under Rev. Wash. Code § 41.12.090; nor have they otherwise developed an argument that Washington law grants them a property interest that would be affected by their administrative assignment. *See Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985); *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Arguments not coherently developed in briefs on appeal are deemed abandoned. *See* Fed. R.App. P. 28(a)(9)(A); *United States v. Kimble,* 107 F.3d 712, 715 n. 2 (9th Cir. 1997). Therefore, the district court did not err in granting summary judgment on the Officers' due process claims for deprivation of a property interest.

■ The Officers raise several additional issues in their briefs that are not supported by argument, including a claim that the administrative assignment effected a deprivation of their liberty interests in violation of the Due Process Clause and violated their rights to equal protection; these arguments are likewise deemed abandoned. *Id.*

■ The Officers additionally argue that the district court erred in striking several declarations submitted in opposition to the motion for summary judgment. The Officers are mistaken; the court did not strike the declarations but "decline[d] to determine the admissibility of each of the statements contained in over 200 pages of declarations provided by Plaintiffs." Therefore, the motion to strike is not properly before this court for review. *See*

*Fenton v. Freedman,* 748 F.2d 1358, 1360 (9th Cir.1984).

**AFFIRMED.**