**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| C. R., a minor, by and through his guardians ad litem; et al., <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> SEATTLE PUBLIC SCHOOLS, a Washington municipal corporation, <br><br> Defendant-Appellee. | No. 15-35187 <br><br> D.C. No. 2:14-cv-00042-TSZ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted May 8, 2017
Seattle, Washington

Before:  BEA and N.R. SMITH, Circuit Judges, and HAYES,[**] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

C.R. appeals the district court's grant of summary judgment in favor of Seattle Public Schools. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** There is no constitutionally protected property interest in having the procedures set forth in Washington laws and regulations followed by the school district. "A protected property interest is present where an individual has a reasonable expectation of entitlement deriving from 'existing rules or understandings that stem from an independent source such as state law.'" *Wedges/Ledges of Cal., Inc. v. City of Phoenix*, 24 F.3d 56, 62 (9th Cir. 1994) (quoting *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972)). Thus, a protected property interest can be *derived from* state laws and regulations, but there is no constitutionally protected property interest in strict compliance with state laws and regulations. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) ("The categories of substance and procedure are distinct. Were the rules otherwise, the [Due Process] Clause would be reduced to a mere tautology. 'Property' cannot be defined by the procedures provided for its deprivation any more than can life or liberty."); *Stiesberg v. California*, 80 F.3d 353, 356 (9th Cir.

1996) (holding the "mere failure . . . to comply with some procedural dictate could not, without more, give rise to any interest subject to federal cognizance").[1]

    **2.**    Due process is a flexible concept and calls for the procedural protections demanded by the particular factual situation. *Morrisey v. Brewer*, 408 U.S. 471, 481 (1972). The process afforded to C.R. was constitutionally sufficient. At the hearings below, C.R.'s parents contested the extent of C.R.'s punishment in light of the conduct for which he was accused. C.R.'s parents repeatedly argued that C.R.'s conduct amounted only to a violation of school rules. C.R.'s parents did not challenge the validity of the freshmen's statements or that C.R. engaged in the conduct described in the statements. Instead, they questioned whether C.R. intended to cause harm or actually caused harm to other students and the reason the freshmen made the statements to school officials. Thus, under the unique facts of this case, there would be little value in requiring the additional procedure of cross examination, which C.R. requests on appeal.

---

    [1] Nor does state procedure define the precise process that is due under the Fourteenth Amendment. *See Loudermill*, 470 U.S. at 541 ("[O]nce it is determined that the Due Process Clause applies, the question remains what process is due. The answer to that question is not to be found in the [state] statute." (quotation marks and citation omitted)); *id.* ("The Due Process Clause . . . safeguards not the meticulous observance of state procedural prescriptions, but the fundamental elements of fairness . . . .").

**3.**     Even if the introduction of evidence at the administrative hearing did violate state law, it did not violate C.R.'s federal constitutional rights. C.R. does not have a federal constitutional right to the enforcement of a state procedure that prevents certain evidence from being introduced. *See Samson v. City of Bainbridge Island*, 683 F.3d 1051, 1060 (9th Cir. 2012) (holding that, without more, the mere violation of state law does not amount to an infringement of constitutional rights).

**AFFIRMED.**