**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS MANER, | No. 16-16488 |
| Plaintiff-Appellant, | D.C. No. |
| v. | 1:14-cv-01014-DAD-MJS |
| COUNTY OF STANISLAUS and BIRGIT FLADAGER, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale Drozd, United States District Judge, Presiding

Submitted February 14, 2018[**]
San Francisco, California

Before: BEA and N.R. SMITH, Circuit Judges and LASNIK, Senior District Judge.[***]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]      The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Douglas Maner appeals the district court's dismissal of his First Amendment retaliation and due process claims. The district court found that Maner had failed to provide evidence from which a jury could reasonably conclude that Maner's protected expression was a substantial motivating factor for the adverse employment actions of which he complains. The district court also found that Maner was provided all the process that was due. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

Because the parties are familiar with the facts and procedural history of this case, we need not recount them here. "We review *de novo* a district court's grant of summary judgment." C.V. by and through Villegas v. City of Anaheim, 823 F.3d 1252, 1255 (9th Cir. 2016). The question for the Court is whether, "viewing the evidence in the light most favorable to the nonmoving party," there are any genuine issues of material fact. Zetwick v. Cty. of Yolo, 850 F.3d 436, 440 (9th Cir. 2017). All justifiable factual inferences must be drawn in the nonmoving party's favor. Mark H. v. Hamamoto, 620 F.3d 1090, 1097 (9th Cir. 2010). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Ricci v. DeStefano, 557 U.S. 557, 586 (2009).

The district court properly granted summary judgment to defendants. With regards to the First Amendment retaliation claim, no reasonable jury could find that the adverse employment actions of which Maner complains were motivated by his public support for Judge Cummins in the 2006 election for District Attorney. Maner has no direct evidence of retaliatory motive or of any expressed opposition to his protected speech. Nor does a chronological retrospective of his career as a Deputy District Attorney ("DDA") support an inference of retaliatory animus. Maner's interpersonal difficulties predated his support for Judge Cummins and continued after defendant Brigit Fladager was elected District Attorney. The adverse employment actions of which he complains in this litigation were temporally distant from the election (occurring eight months to seven years after Fladager became the District Attorney). The temporal relationship of the protected activity and the employment actions does not raise an inference of retaliatory animus in the factual context of this case. In fact, the four year period in which no investigations were initiated and no discipline was imposed raises the contrary inference that the adverse employment actions were a response to third-party complaints and personnel issues, not Maner's protected speech.

Maner's theory of the case is that defendants' justifications for the adverse actions were pretextual, as evidenced by the fact that Fladager supporters were not

subjected to investigations and proposed discipline for the same or similar conduct. See Anthoine v. N. Cent. Ctys. Consortium, 605 F.3d 740, 750 (9th Cir. 2010). Maner has not, however, identified any similarly-situated DDAs who had supported Fladager. No other DDA attracted the type or quantity of third-party and staff complaints that Maner did. Nor is there any evidence of another DDA whose statements threatened the ODA's working relationships with judges and law enforcement agencies. As the district court noted, the evidence "establishes that no one else acted as poorly in their [sic] professional interpersonal relationships as plaintiff allegedly did, not that plaintiff was disproportionately punished for the same conduct." No inference of retaliatory animus arises from the fact that the ODA investigated complaints and imposed appropriate discipline. There is simply no reasonable basis on which a jury could conclude that retaliatory animus – as opposed to Maner's repeated breaches of protocol and procedure – motivated the adverse employment actions of which he complains.

With regards to the due process claim, Maner had a protected property interest in his continued employment. Skelly v. State Personnel Bd., 539 P.2d 774, 783 (Cal. 1975). Due process therefore required some kind of hearing prior to an unpaid suspension or termination as "an initial check against mistaken decisions," with the essential elements being notice and an opportunity to respond. Cleveland

4

Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 545-56 (1985). A pre-discipline

hearing may be conducted by the same person who proposed the suspension or

termination, as long as a post-discipline hearing is provided with an impartial

decisionmaker. Walker v. City of Berkeley, 951 F.2d 182, 183-84 (9th Cir. 1991).

Maner argues that he was deprived of a protected property right when he

was rotated into the collateral support assignment while he was suspended in 2013.

A demotion or, in this case, an alleged constructive demotion can implicate a

protected property right for purposes of the Due Process Clause. See Stiesberg v.

California, 80 F.3d 353, 357 (9th Cir. 1996). There is, however, no evidence that

the collateral support assignment was a demotion. While it is clear that Maner

disliked the job duties associated with the new position, intra-office rotations were

common in the ODA and the change did not affect his salary or benefits. The

position was intended to provide consistent attorney guidance with regards to

procedural aspects of prosecution, records requests, and court inquiries: although it

involved no trial advocacy, it required an experienced attorney. Maner has not

shown that his property interest in his job was implicated by his rotation to the

collateral support assignment.

Maner also argues that Fladager's involvement in the June 2013 Skelly

conference deprived him of due process, citing Clements v. Airport Authority of

Washoe County, 69 F.3d 321, 333 (9th Cir. 1995). In Clements, the employer had failed to provide adequate pre-termination notice that plaintiff was in danger of losing her job and provided a post-termination hearing that was infected with bias. Id. In noting that "[a] biased proceeding is not a procedurally adequate one," the Clements panel was referring to post-termination proceedings. Id. In the pre-termination context, the panel recognized that the decisionmaker need not be impartial as long as an impartial decisionmaker is provided at the post-termination hearing. Id. at 333 n.15.

Maner's due process claim fails as a matter of law. Fladager's participation in the initial Skelly conference does not change the fact that Maner was given notice and an opportunity to respond before discipline was imposed. When the findings were altered following the supplemental investigation, Maner was again given notice and an opportunity to respond, this time before Sheriff Adam Christianson (against whom no allegation of bias has been made). Maner then had the opportunity to request a post-suspension hearing. He did so, and there is no allegation or evidence of bias on the part of the unnamed post-deprivation hearing officer. Although Maner withdrew his appeal before the hearing occurred, he received all the process that was his due in these circumstances.

**AFFIRMED.**

6