Filed 3/9/22

CERTIFIED FOR PUBLICATION

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| DAVID MEINHARDT, | D079451 |
| Plaintiff and Appellant, | |
| v. | (Super. Ct. No. 19CV346911) |
| CITY OF SUNNYVALE, | |
| Defendant and Respondent; | |
| SUNNYVALE DEPARTMENT OF PUBLIC SAFETY, | |
| Real Party in Interest and Respondent. | |

APPEAL from a judgment of the Superior Court of Santa Clara County, Peter H. Kirwan, Judge. Appeal dismissed.

Messing Adam & Jasmine and Gregg McLean Adam for Plaintiff and Appellant.

Liebert Cassidy Whitmore, Suzanne Solomon and David A. Urban for Defendant and Respondent.

No appearance for Real Party in Interest and Respondent.

## I.

## INTRODUCTION

"California cases have uniformly held that a trial court's complete denial of a petition for administrative mandamus is a final judgment that may be appealed by the petitioner." (*Dhillon v. John Muir Health* (2017) 2 Cal.5th 1109, 1113 (*Dhillon*).) And, as the Supreme Court in *Dhillon* explained, a ruling nominally *denominated* as an "order" on a petition for writ of administrative mandate[1] may, in fact, constitute a "final judgment" when such order has the *effect* of a final judgment. (*Id.* at p. 1115.) That is because it is " ' "not the form of the decree but the substance and effect of the adjudication which is determinative." ' " (*Ibid.*)

In addressing whether a ruling has sufficient finality to constitute a judgment, the *Dhillon* court stated, " ' "As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' " (*Dhillon, supra*, 2 Cal.5th at p. 1115.) The *Dhillon* court applied this test in concluding that the trial court's "order" on the plaintiff's petition for writ of administrative mandate in that case "was an appealable final judgment." (*Id.* a p. 1116.)

---

[1] "[A] writ of mandamus may be denominated a writ of mandate." (Code Civ. Proc., § 1084.) We use the term writ of administrative mandate throughout this opinion, except for quotations.

All subsequent statutory references are to the Code of Civil Procedure, unless otherwise specified.

*Dhillon* is consistent with numerous published cases that have concluded that an order denying a petition for writ of mandate is a final judgment for purposes of an appeal. (See, e.g., *Sandlin v. McLaughlin* (2020) 50 Cal.App.5th 805, 820 (*Sandlin*) ["Although the trial court never entered a formal judgment on the petition for writ of mandate, its order denying the petition in its entirety 'constitutes a final judgment for purposes of an appeal' "]; *Molloy v. Vu* (2019) 42 Cal.App.5th 746, 753 (*Molloy*) [" '[A]n order granting or denying a petition for an extraordinary writ constitutes a final judgment for purposes of an appeal, even if the order is not accompanied by a separate formal judgment,' " quoting *Public Defenders' Organization v. County of Riverside* (2003) 106 Cal.App.4th 1403, 1409 (*Public Defenders' Organization*)]; *Tomra Pacific, Inc. v. Chiang* (2011) 199 Cal.App.4th 463, 481–482 (*Tomra Pacific, Inc.*) ["We note that the order denying the petitions for a writ of mandate is not termed a judgment and does not explicitly address the declaratory relief causes of action. Nevertheless, we are satisfied that the order before us constitutes an appealable final judgment as it left no issue for further consideration"].)

Published authority also reveals an important consequence that follows from this case law. In a case in which a court has entered a ruling on a writ petition that constitutes a final judgment, any party seeking appellate review of that ruling must timely appeal from *that* final judgment—and the time to file a notice of appeal is not restarted by the trial court's subsequent entry of a document styled as a "judgment" that merely reiterates the prior final judgment. (See *City of Calexico v. Bergeson* (2021) 64 Cal.App.5th 180, 182–183 (*City of Calexico*) [dismissing cross-appeal where party failed to timely appeal from September 24 ruling denying two petitions for writ of mandate that constituted a final judgment and stating, "[t]he mere fact that the trial

3

court entered a subsequent judgment after issuing the September 24 ruling is irrelevant, because the September 24 ruling was itself a final judgment" (*id.* at p. 192)]; *Laraway v. Pasadena Unified School Dist.* (2002) 98 Cal.App.4th 579, 582–583 (*Laraway*) [concluding that an order that "completely resolved all issues between all parties" on petitioner's writ petition was a final judgment from which no timely appeal was taken and stating that the "[r]ules of [c]ourt do not provide, once a judgment . . . has been entered, . . . the time to appeal can be restarted or extended by the filing of a subsequent judgment . . . making the same decision"]; accord *Valero Refining Co.— California v. Bay Area Air Quality Management Dist. Hearing Bd.* (2020) 49 Cal.App.5th 618, 633, fn. 10 (*Valero*) ["Contrary to the suggestion by the [defendants], the appealable judgment was the court's order granting a writ of mandate, not a 'judgment' that it subsequently entered"].)

In this case, plaintiff Officer David Meinhardt failed to timely appeal from a trial court ruling that denied his petition for writ of administrative mandate in its entirety, completely resolved all of the issues in the matter, and contemplated no further judicial action. Although the ruling was denominated an "order," (boldface & capitalization omitted) it was, under the case law outlined above, a final judgment. Instead, Meinhardt filed a notice of appeal from a document that the trial court subsequently entered, which was styled as a "judgment," but merely restated the prior judgment.

In light of the case law described above, we solicited supplemental briefing from the parties on the timeliness of Officer Meinhardt's appeal. In his supplemental brief, Meinhardt contends that to dismiss his appeal would contravene applicable statutory language, conflict with certain case law, and be "patently inequitable." (Boldface & italics omitted.) He further contends

4

that *City of Calexico* is distinguishable and that this court "should resist the impulse to extend *Laraway's* questionable logic further."

While we have carefully considered Officer Meinhardt's arguments, *Laraway* and *City of Calexico* are directly on point and mandate dismissal of his appeal. We publish our opinion to explain how *Dhillon* supports the conclusion that *Laraway* and *City of Calexico* were correctly decided, and to reiterate the critical importance of determining whether a ruling on a petition for writ of mandate is a final judgment in seeking appellate review of such a ruling.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *Officer Meinhardt's petition for writ of administrative mandate*

In May 2019, Officer Meinhardt filed a petition for writ of administrative mandate pursuant to section 1094.5,[2] naming the City of Sunnyvale, Sunnyvale Personnel Board (Board) as a defendant and the Sunnyvale Department of Public Safety as the real party in interest.

In his petition, Officer Meinhardt sought "to rectify the . . . Board's abuse of discretion and misapplication of law in upholding a forty-four (44) hour suspension against [him] for engaging in speech that was critical of policies implemented by the new Department Chief . . . ."

After the Board filed an answer to the petition and lodged the administrative record, the parties filed briefs on the petition.

---

[2]    We discuss section 1094.5 in section III.A.2.a, *post*.

B. *The trial court's August 6, 2020 ruling denying Officer Meinhardt's writ petition and the clerk's service of that ruling*

In May 2020, the trial court held a telephonic hearing on Officer Meinhardt's writ petition.[3] On August 6, 2020, the trial court issued a signed ruling titled "**ORDER**" denying Meinhardt's petition for writ of administrative mandate in its entirety.

At the outset of the ruling, the trial court described the telephonic hearing on the petition and stated, "After consideration of the pleadings, the exhibits (including the administrative record), the authorities cited by counsel in their briefs and the arguments made by counsel at the hearing, and no party having requested a statement of decision, the Court issues the following order." The court proceeded to address the merits of the petition for several pages, and concluded its ruling by stating, "Accordingly, the Petition for Writ of Administrative Mandamus is DENIED."

That same day, the clerk of court served the August 6 ruling denying the petition for writ of mandate on the parties by mail. The clerk's service of the ruling is memorialized in the record by a proof of service.[4]

---

[3] The record does not contain a reporter's transcript of the hearing.

[4] The proof of service document lists the case name and number and states, "**re:  Order Denying Petition for Writ of Administrative Mandamus** was delivered to the parties listed below the above entitled case as set forth in the sworn declaration below." The declaration states:

> "**DECLARATION OF SERVICE BY MAIL**:  I declare that I served this notice by enclosing a true copy in a sealed envelope, addressed to each person whose name is shown below, and by depositing the envelope with postage fully prepaid, in the United States Mail at San Jose, CA on August 06, 2020.  CLERK OF THE COURT, by [clerk's name], Deputy."

C. *The Board's August 14 notice of entry*

On August 14, the Board electronically served Officer Meinhardt with a document titled "Notice of Entry of Judgment or Order," together with a file-stamped copy of the August 6 order.

D. *The September 25 "judgment"*

On September 25, 2020, the clerk filed a document signed by the trial court on September 17 titled "**JUDGMENT**," that states:

> "On August 6, 2020, the Court issued an Order Denying Petitioner David Meinhardt's Petition for Writ of Administrative Mandamus pursuant to California Code of Civil Procedure 1094.5, which is attached hereto as Exhibit A. For the reasons set forth in the Order, the Court hereby enters Judgment for Respondents City of Sunnyvale, et al., and against Petitioner David Meinhardt, who shall take nothing by this action.
>
> "IT IS SO ORDERED, ADJUDGED AND DECREED."

The August 6 ruling denying Officer Meinhardt's petition for writ of administrative mandate was attached to the September 25 "judgment."[5]

---

Following the declaration are the names of the parties' counsel and their addresses.

[5] Officer Meinhardt served a notice of entry of this judgment on September 22. In his supplemental brief, Officer Meinhardt states that he "attach[ed] [the] signed Judgment found online, though [the] court file-stamp[ed] Judgment [was] not entered until [September] 25."

E.  *Officer Meinhardt's appeal*

On October 15, 2020, Officer Meinhardt filed a notice of appeal that stated that he was appealing from the September 17, 2020[6] "judgment" denying his petition for writ of administrative mandate.

F.  *The parties' supplemental briefs*

While this appeal was pending, this court sent the parties a letter soliciting supplemental briefing.  The letter stated in relevant part:

> "The parties are directed to file simultaneous supplemental letter briefs, no longer than five single-spaced pages, answering the following question:
>
> "Was [Officer Meinhardt's] October 15, 2020 notice of appeal timely filed in this case?
>
> "In answering this question, the parties are directed to discuss [*City of Calexico, supra,*] 64 Cal.App.5th 180.  (See *id.* at pp. 185–195 [explaining that "[a]n order granting or denying a petition for writ of mandate that disposes of all of the claims between the parties is an immediately appealable final judgment," (*id.* at p. 190) and concluding that a clerk's service of a file-endorsed ruling denying petitions for writ of mandate and an accompanying dated declaration of service triggered the 60-day period to appeal set forth in California Rules of Court, rule 8.104(a)(1)].)"

Officer Meinhardt and the Board each filed a supplemental brief responsive to our request.

---

6    As noted in part II.D, *ante*, the trial court signed a document titled "judgment" on September 17, 2020, and the clerk filed this document on September 25, 2020.

8

III.

DISCUSSION

*Officer Meinhardt's appeal is untimely and must be dismissed*

We must consider, sua sponte, whether we have appellate jurisdiction over Officer Meinhardt's appeal. (E.g., *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 849 ["because the timeliness of an appeal poses a jurisdictional issue, we must raise the point sua sponte"].)

A. *Governing law*

 1. *The time within which a party must file a notice of appeal*

California Rules of Court, rule 8.104(a)[7] specifies the time within which a party must file a notice of appeal and provides in relevant part:

> "(a) Normal time
>
> "(1) . . . [A] notice of appeal must be filed on or before the earliest of:
>
> > "(A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served;
> >
> > "(B) 60 days after the party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service;"

Rule 8.104(b) specifies that a court may not extend the deadline for filing a notice of appeal and must dismiss any late-filed appeal, providing in relevant part:

> ". . . [N]o court may extend the time to file a notice of appeal. If a notice of appeal is filed late, the reviewing court must dismiss the appeal."

---

[7]     All subsequent rule references are to the California Rules of Court.

2. *Determining the existence of a final judgment in the context of a petition for writ of mandate*

a. *The statutory scheme*

An application for a writ of mandate is a "special proceeding[ ] of a civil nature" (capitalization omitted) governed by the provisions of part 3 of the Code of Civil Procedure. (§ 1063 et seq.)

Section 1064 defines "judgment" for purposes of such special proceedings, and provides in relevant part:

> "A judgment in a special proceeding is the final determination of the rights of the parties therein."

Chapter 2 of title 1 of part 3 of the Code of Civil Procedure governs writs of mandate. "The administrative mandamus statute, . . . section 1094.5, authorizes judicial review of final administrative decisions resulting from hearings that are required by law. In determining whether to grant a writ of administrative mandamus, the trial court is instructed to consider 'whether the respondent has proceeded without, or in excess of, jurisdiction; whether there was a fair trial; and whether there was any prejudicial abuse of discretion.' ([§ 1094.5], subd. (b).)" (*Dhillon, supra*, 2 Cal.5th at p. 1115.)[8]

---

[8] "[A]n administrative decision that does *not* require a hearing or a response to public input is generally not reviewable under Code of Civil Procedure section 1094.5 but by traditional mandamus pursuant to Code of Civil Procedure section 1085 . . . ." (*Environmental Protection Information Center v. California Dept. of Forestry & Fire Protection* (2008) 44 Cal.4th 459, 521, italics added.)

Section 1085, subdivision (a) provides, "A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is

Section 1094.5, subdivision (f) specifies how a trial court shall enter judgment on a petition for writ of administrative mandate and provides:

> "The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion legally vested in the respondent."

In outlining the law governing the issuance of stays of administrative orders in the context of administrative mandate, section 1094.5, subdivision (g) refers to a "notice of appeal from the judgment." The statute provides in relevant part:

> "(g) . . . [T]he court in which proceedings under this section are instituted may stay the operation of the administrative order or decision pending the judgment of the court, or until the filing of a notice of appeal from the judgment or until the expiration of the time for filing the notice, whichever occurs first."

Section 1110 specifies that the rules of the Code of Civil Procedure that apply to an appeal in a civil action also are ordinarily applicable to an appeal in a special proceeding of a civil nature. The statute provides:

> "The provisions of Part II of this Code relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this Title, apply to the proceedings mentioned in this Title."

---

entitled, and from which the party is unlawfully precluded by that inferior tribunal, corporation, board, or person."

11

Among the provisions of "Part II" of the Code of Civil Procedure are sections 901 and 904.1. Section 901 provides in relevant part:

> "A judgment . . . in a civil action or proceeding may be reviewed as prescribed in this title."

Section 904.1 in turn provides in relevant part:

> "(a) An appeal . . . is to the court of appeal. An appeal . . . may be taken from any of the following:
>
> "(1) From a judgment, except an interlocutory judgment . . . ."

Thus, as the *Dhillon* court succinctly summarized, "A final judgment in a special proceeding is appealable . . . ." (*Dhillon, supra*, 2 Cal.5th at p. 1115.)

### b. *Dhillon*

In *Dhillon*, the Supreme Court considered whether a trial court's order granting, in part, a surgeon's petition for writ of administrative mandate and remanding the matter for further administrative proceedings was an appealable final judgment. (*Dhillon, supra*, 2 Cal.5th at p. 1116.) *Dhillon* involved a surgeon who filed a petition for writ of administrative mandate related to the suspension of his clinical privileges by the owner of the hospitals at which he practiced. (*Id.* at pp. 1112–1113.) The trial court granted the surgeon's writ petition in part. (*Id.* at p. 1113.) Specifically, the trial court determined that the surgeon was entitled to an administrative hearing prior to the suspension of his clinical privileges and ordered the hospital owner to conduct such a hearing. (*Ibid.*) The hospital owner appealed the ruling. The Court of Appeal dismissed the appeal, stating, " 'The superior court's order remanding the matter to [the hospital owner] is not a final, appealable order.' " (*Ibid.*)

12

The *Dhillon* court granted review and noted the division of authority with respect to whether such an order was an appealable final judgment:

> "The Court of Appeal's dismissal order deepened a long-standing conflict concerning the appealability of a trial court's order, on a petition for writ of administrative mandamus, remanding the matter for further proceedings before the administrative body.  California cases have uniformly held that a trial court's complete denial of a petition for administrative mandamus is a final judgment that may be appealed by the petitioner.  [Citations.]  The cases have also held that a trial court's judgment granting administrative mandamus, and ordering the substantive relief sought by the petitioner, is a final judgment that may be appealed by the respondent agency.  [Citations.]  In each of these situations, it is clear that " 'no issue is left for future consideration except the fact of compliance or noncompliance with the terms of' " the court's decree. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 698 (*Griset*), quoting *Lyon v. Goss* (1942) 19 Cal.2d 659, 670.)  California courts have, however, divided over whether the same is true of a trial court's order that does not grant substantive relief, but instead remands the cause for further proceedings before the administrative agency." (*Dhillon, supra*, 2 Cal.5th at pp. 1113–1114.)

The *Dhillon* court explained that it had granted review to resolve this division of authority.  (*Dhillon, supra*, 2 Cal.5th at p. 1114.)  In order to do so, the *Dhillon* court stated that it was required to determine "whether the trial court's order in this case was a final judgment."  (*Id.* at p. 1115.)  The *Dhillon* court recounted the following general principles for determining whether a ruling of the trial court constitutes a final judgment:

> "We have previously recognized that a judgment is final, and therefore appealable, ' " 'when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.' " '  [Citations.]  ' "It is not the form of the decree but the substance and effect of the adjudication

13

which is determinative. As a general test, which must be adapted to the particular circumstances of the individual case, it may be said that where no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree, that decree is final, but where anything further in the nature of judicial action on the part of the court is essential to a final determination of the rights of the parties, the decree is interlocutory." ' [Citations.] 'We long have recognized a "well-established policy, based upon the remedial character of the right of appeal, of according that right in doubtful cases 'when such can be accomplished without doing violence to applicable rules.' " ' " (*Ibid.*)

Applying these principles, the *Dhillon* court concluded that the trial court's order was an appealable final judgment because it granted or denied each of the surgeon's claims and "did not reserve jurisdiction to consider any issues." (*Dhillon, supra*, 2 Cal.5th at pp. 1116–1117.) The *Dhillon* court reasoned, "once the trial court issued the writ, nothing remained to be done in that court; no issue was then left for the court's ' "future consideration except the fact of compliance or noncompliance with the terms of the first decree." ' " (*Id.* at p. 1117, quoting *Griset, supra*, 25 Cal.4th at p. 698.)

In reaching this conclusion, the *Dhillon* court considered the surgeon's contention that "the trial court's order . . . was not a final judgment because it was not a 'judgment' as that term is defined by subdivision (f) . . . section 1094.5." (*Dhillon, supra*, 2 Cal.5th at p. 1117, fn. 3.) Specifically, the surgeon contended that under section 1094.5, subdivision (f), "a court adjudicating an administrative mandamus petition may issue only three kinds of judgments: (1) it may command the respondent to set aside the order or decision; (2) it may deny the writ, or (3) it may command the respondent to set aside the order or decision and reconsider the case, taking

14

further action as required."[9] (*Dhillon, supra*, at p. 1117, fn. 3.) According to the surgeon, "the trial court's order fell into none of these categories." (*Ibid.*) The *Dhillon* court rejected this argument, reasoning:

> "Assuming that subdivision (f) of Code of Civil Procedure section 1094.5 defines a 'judgment' for the purposes of determining whether an order in an administrative mandamus proceeding is an appealable final judgment, [the surgeon's] argument nevertheless lacks merit. Although the order did not explicitly set aside the discipline imposed on [the surgeon], that consequence was implicit in the trial court's determination that [the surgeon] was entitled to further administrative proceedings before he could be disciplined. By commanding [the hospital owner] to conduct those proceedings, the trial court necessarily set aside [the hospital owner's] order imposing the discipline. (See *Griset, supra*, 25 Cal.4th at p. 698 [' "It is not the form of the decree but the substance and effect of the adjudication which is determinative" '].)" (*Ibid.*)

> c. *Case law in which courts have concluded that a ruling granting or denying a petition for writ of mandate is a judgment*

As stated in part I, *ante*, *Dhillon* is consistent with numerous cases in which courts have stated that a ruling granting or denying a petition for a writ of mandate is in "effect" a final judgment (*Griset, supra*, 25 Cal.4th at

---

[9]     As noted in part III.A.2.a, *ante*, section 1094.5, subdivision (f) provides:

> "The court shall enter judgment either commanding respondent to set aside the order or decision, or denying the writ. Where the judgment commands that the order or decision be set aside, it may order the reconsideration of the case in light of the court's opinion and judgment and may order respondent to take such further action as is specially enjoined upon it by law, but the judgment shall not limit or control in any way the discretion legally vested in the respondent."

p. 698) because the ruling finally determines the rights of the parties, and is therefore appealable, even if it is in the "form" of an order. (*Ibid.*; see, e.g., *Sandlin, supra*, 50 Cal.App.5th at p. 820; *Molloy, supra*, 42 Cal.App.5th at p. 753; *Tomra Pacific, Inc., supra*, 199 Cal.App.4th at pp. 481–482; *Public Defenders' Organization, supra*, 106 Cal.App.4th at p. 1409; *Townsel v. San Diego Metropolitan Transit Development Bd.* (1998) 65 Cal.App.4th 940, 944, fn. 1 (*Townsel*); *Haight v. City of San Diego* (1991) 228 Cal.App.3d 413, 416, fn. 3 (*Haight*).)

In *Public Defenders' Organization*, the trial court granted an organization's petition for writ of mandate directing an employer "to recognize the organization as the majority representative of certain employees and to conduct an election to determine whether those employees wished to designate the organization as their exclusive representative." (*Public Defenders' Organization, supra*, 106 Cal.App.4th at p. 1405.) The employer appealed. (*Id.* at p. 1409.) On appeal, the organization "argue[d] that the order granting the petition for writ of mandate is not final, and thus not appealable, because it does not finally determine the rights of the parties." (*Ibid.*) The *Public Defenders' Organization* court rejected this argument, reasoning:

> "Generally, only judgments may be appealed. [Citation.] 'A judgment is the final determination of the rights of the parties in an action or proceeding.' [Citation.] Petitions for extraordinary writs, such as petitions for writs of mandate, are special proceedings. [Citation.] Accordingly, an order granting or denying a petition for an extraordinary writ constitutes a final judgment for purposes of an appeal, even if the order is not accompanied by a separate formal judgment. [Citations.]" (*Ibid.*)[10]

---

[10]  In both *Sandlin, supra*, 50 Cal.App.5th 805 and *Molloy, supra*, 42 Cal.App.5th 746, the Court of Appeal relied on *Public Defenders'*

Similarly, in *Tomra Pacific, Inc., supra*, 199 Cal.App.4th 463, two plaintiffs filed notices of appeal from an "*order* denying petitions for a writ of mandate" (*id.* at p. 469, italics added) that sought to compel repayment of certain loans between state funds. The *Tomra Pacific, Inc.* court stated that the order was in fact an appealable final judgment:

> "We note that the order denying the petitions for a writ of mandate is not termed a judgment and does not explicitly address the declaratory relief causes of action. Nevertheless, we are satisfied that the order before us constitutes an appealable final judgment as it left no issue for further consideration." (*Id.* at pp. 481–482.)

Similarly, in *Townsel, supra*, 65 Cal.App.4th 940, the petitioner appealed the denial of his petition for a writ of mandate requesting that an entity vacate its decision upholding the termination of his employment. The *Townsel* court concluded that the trial court's order denying the petition was properly treated as a final judgment, reasoning in relevant part:

> "The record does not show that judgment was entered on the order. However, even if a separate formal judgment has not been entered on an order denying a petition for writ of mandate, the order is properly treated as a final judgment in a special proceeding for purposes of appeal. (*Haight*, [*supra*, 228 Cal.App.3d at p. 416, fn. 3].)" (*Id.* at p. 944, fn. 1.)

In *Haight, supra*, 228 Cal.App.3d 413, this court concluded that an "order denying [a] petition for writ of mandate" was "properly treated as a

---

*Organization* in concluding that an order denying a petition for writ of mandate in its entirety " 'constitutes a final judgment for purposes of an appeal.' " (*Sandlin, supra*, 50 Cal.App.5th at p. 820; *Molloy, supra*, 42 Cal.App.5th at p. 753, fn. 6 [both quoting *Public Defenders' Organization, supra*, 106 Cal.App.4th at p. 1409].)

final judgment in a special proceeding for purposes of appeal." (*Id.* at p. 416, fn. 3.)

> d. Laraway *and its progeny*

In *Laraway*, the petitioner "sought certain public records" from a school district. (*Laraway, supra*, 98 Cal.App.4th at p. 580.) The petitioner filed a petition for a writ of mandate and prohibition and sought injunctive and declaratory relief from the school district and several of its employees (collectively "District"). (*Id.* at pp. 580–581.) On August 23, 2000, the trial court entered an " '*order* regarding petitioner's motion for writ of mandamus, prohibition, injunctive and declaratory relief.' " (*Id.* at p. 581, italics added in *Laraway*.) The August 2000 order "completely resolved all issues between all parties" and did not "contemplate nor direct the preparation of any further order or judgment." (*Id.* at p. 582.)

On January 29, 2001, the trial court in *Laraway* filed a "judgment" that "simply reiterated that the court had 'ruled by Order dated August 23, 2000' on the petition, set forth the same rulings as contained in the order denying the petition, added a provision that judgment was entered in favor of respondent and against petitioner, and awarded respondent $0 in costs against petitioner." (*Laraway, supra*, 98 Cal.App.4th at p. 582.)

In late March or early April 2001,[11] the petitioner filed a notice of appeal from the January 2001 "judgment." (*Laraway, supra*, 98 Cal.App.4th at p. 582.) On April 19, 2001, the District filed a cross-appeal from the January 2001 "judgment." (*Ibid.*)

---

[11] The *Laraway* court noted that the notice of appeal contained in the record was not file stamped, but was dated March 28. (*Laraway, supra*, 98 Cal.App.4th at p. 582, fn. 4.)

18

On appeal, the *Laraway* court "sua sponte raise[d] the jurisdictional and dispositive issue of whether the prerequisite to appellate jurisdiction, a timely notice of appeal, was ever filed in this case." (*Laraway, supra*, 98 Cal.App.4th at p. 582.) In considering this issue, the *Laraway* court noted that the August 23, 2000 order "contemplated no further action, such as the preparation of another order or judgment [citation], and disposed of all issues between all parties." (*Id.* at p. 583.) The *Laraway* court concluded that the August 2000 order "was properly treated as a final judgment." (*Ibid.*, citing *Townsel, supra*, 65 Cal.App.4th at p. 944, fn. 1; *Haight, supra*, 228 Cal.App.3d at p. 416, fn. 3.)

The *Laraway* court added that "the subsequent judgment entered on January 29, 2001 was simply a repetition of the August 23, 2000 order." (*Laraway, supra*, 98 Cal.App.4th at p. 583.) The *Laraway* court concluded that the Court of Appeal lacked jurisdiction over the appeal and the cross-appeal from the January 2001 "subsequent judgment" (*ibid.*), reasoning:

> "Once a final, appealable order or judgment has been entered, the time to appeal begins to run. The [r]ules of [c]ourt do not provide, once a judgment or appealable order has been entered, that the time to appeal can be restarted or extended by the filing of a subsequent judgment or appealable order making the same decision. Thus, once the August 23, 2000 order was entered, the time within which to file a notice of appeal therefrom began to run, and could not be restarted by the relabeling of the trial court's earlier decision and then entering such 'judgment' at a later date.

> "Because the parties failed to file timely notice of appeal from the August 23, 2000 order, the petitioner's appeal and respondent's cross-appeal, filed more than 180 days after entry of the August 23, 2000 order, were untimely, and both such appeals must be dismissed." (*Ibid.*)

19

In *City of Calexico, supra*, 64 Cal.App.5th 180, this court relied on *Laraway*[12] in concluding that a party had failed to timely file a cross-appeal from a September 24 ruling denying two petitions for writ of administrative mandate because the ruling was a final judgment.[13] (*City of Calexico, supra*, at p. 183.) The *City of Calexico* court reasoned in part:

> "In the September 24 ruling, the trial court denied all of the parties' claims for relief in their entirety, and did not contemplate any further action in the case. Thus, as in *Laraway*, the September 24 ruling is 'properly treated as a final judgment' because it 'contemplated no further action, such as the preparation of another order or judgment [citation], and disposed of all issues between all parties.' (*Laraway, supra*, 98 Cal.App.4th at p. 583.)

> "While the City correctly notes in its letter brief that 'the City filed a proposed judgment with the superior court, which the superior court signed on November 21, 2019,' as in *Laraway*, this second judgment 'simply reiterated' that the court had ruled on the petition and 'set forth the same rulings as contained in the order denying the petition.'

---

[12] The *City of Calexico* court also stated that "*Laraway* is in accord with well-established law." (*City of Calexico, supra*, 64 Cal.App.5th at p. 191, citing *Breslin v. City and County of San Francisco* (2007) 146 Cal.App.4th 1064, 1073–1074; *Nerhan v. Stinson Beach County Water Dist.* (1994) 27 Cal.App.4th 536, 539; and *Griset, supra*, 25 Cal.4th at p. 699.) The *City of Calexico* court also noted that commentators have cited *Laraway* for the proposition that " 'even a seemingly nonappealable "order" may be an appealable final judgment,' " if the order is " 'a final judgment in legal effect.' " (*City of Calexico, supra*, at p. 192, quoting Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2020) ("Civil Appeals and Writs") ¶ 2:38 [citing, inter alia, *Laraway, supra*, 98 Cal.App.4th at p. 583].)

[13] The *City of Calexico* court noted that the trial court in that case had indicated that the petitions for writ of mandate had been filed pursuant to section 1094.5, the administrative mandate statute. (*City of Calexico, supra*, 64 Cal.App.5th at p. 186.)

(*Laraway, supra*, 98 Cal.App.4th at p. 582.) There is nothing in the September 24 ruling itself, nor anything else in the record, demonstrating that the trial court contemplated that the court or the parties would take further action in the case such that the September 24 ruling was not final and therefore, appealable. The mere fact that the trial court entered a subsequent judgment after issuing the September 24 ruling is irrelevant, because the September 24 ruling was itself a final judgment. (See *Laraway, supra*, at p. 583.)"[14]  (*City of Calexico*, at p. 192.)

In *Valero, supra*, 49 Cal.App.5th 618, the plaintiff filed a petition for writ of mandate pursuant to section 1094.5. (*Valero, supra*, at p. 632.) The trial court "issued a writ of mandate," vacated an administrative decision, and remanded for further administrative proceedings. (*Ibid.*) The

---

[14]  Officer Meinhardt contends that *City of Calexico* can be distinguished because, according to Meinhardt, the *City of Calexico* court's holding rested on the City's failure to timely file a cross-appeal, within the time limits of rule 8.108(g). *City of Calexico* cannot be so distinguished.

The *City of Calexico* court expressly concluded that the City's appeal was not filed within the " 'normal time' " (*City of Calexico, supra*, 64 Cal.App.5th at p. 195) for the City to appeal under rule 8.104(a) which expired on November 25, 2019, *or* before December 23, 2019, the latest time within which the City could have filed its cross-appeal under the extension provided in rule 8.108(g)(1). (*City of Calexico, supra*, at pp. 195–196.) The *City of Calexico* court also noted that rule 8.108(a) provides, "This rule operates only to extend the time to appeal otherwise prescribed in rule 8.104(a); it does not shorten the time to appeal. If the normal time to appeal stated in rule 8.104(a) is longer than the time provided in this rule, the time to appeal stated in rule 8.104(a) governs." (*City of Calexico*, at p. 190.) Thus, the *City of Calexico* court expressly concluded, as required under the applicable rules of court in order to conclude that the City's appeal was untimely, that the City's notice of appeal was not timely filed under *either* the normal time for filing an appeal under rule 8.104(a) *or* under the extended time for filing a cross-appeal under rule 8.108(g)(1). We therefore reject Officer Meinhardt's contention that "the holding in *City of Calexico* does not apply to this case because [r]ule . . . 8.108(g) is not implicated here."

21

defendants, referred to by the *Valero* court as the "air district parties" (*ibid.*), filed an appeal. (*Id.* at p. 633.)

The *Valero* court considered whether it had appellate jurisdiction over the matter, explaining, "In this case, the air district parties filed their notice of appeal more than 60 days after the superior court clerk mailed the parties a file-stamped copy of the appealable judgment accompanied by a proof of service, and so we requested supplemental briefing concerning the appeal's timeliness." (*Valero, supra*, 49 Cal.App.5th at p. 633.) In a footnote immediately following this statement, the *Valero* court stated, "Contrary to the suggestion by the air district parties, the appealable judgment was the court's order granting a writ of mandate, not a 'judgment' that it subsequently entered. (See *Molloy*[, *supra*, 42 Cal.App.5th at p.] 753, fn. 6.)" (*Id.* at p. 633, fn. 10.) Notwithstanding that the air district parties' notice of appeal was filed more than 60 days after the filing of the appealable judgment (i.e., the court's order granting a writ of mandate), the *Valero* court concluded that it had jurisdiction over the appeal because the superior court clerk's service was improper[15] and thus did not commence the time to file a notice of appeal under rule 8.104. (*Valero, supra*, at p. 633.)

B. *The August 6 ruling is a final judgment*

The trial court's August 6 ruling denied Officer Meinhardt's petition for writ of administrative mandate in its entirety and did not contemplate any further action in the case. (See pt. II.B, *ante*.) Although the August 6 ruling is denominated an "Order," the law is well established in this context that, " ' "[i]t is not the form of the decree but the substance and effect of the

---

[15] The *Valero* court explained that "supplemental briefing disclosed that the superior court clerk's mailing was sent to an incorrect address." (*Valero, supra*, 49 Cal.App.5th at p. 633.)

adjudication which is determinative." ' " (*Dhillon, supra*, 2 Cal.5th at p. 1115, quoting *Griset, supra*, 25 Cal.4th at p. 698.)

Applying that test here, and consistent with *Laraway* and *City of Calexico* as well as the cases cited in part III.A.2.c, *ante*, the August 6 ruling is " 'properly treated as a final judgment' because it 'contemplated no further action, such as the preparation of another order or judgment [citation], and disposed of all issues between all parties.' " (*City of Calexico, supra*, 64 Cal.App.5th at p. 192, quoting *Laraway, supra*, 98 Cal.App.4th at p. 583.)

Further, the fact that the trial court entered a document denominated as a "judgment" on September 25 (see pt. II.D, *ante*) after having issued the August 6 ruling is irrelevant, because the August 6 ruling was itself a final judgment. Thus, Officer Meinhardt's period within which to appeal was not restarted by the trial court's filing of the September 25 document styled as a "judgment" that merely reiterated the rulings contained in the court's August 6 ruling. (See *Laraway, supra*, 98 Cal.App.4th at p. 583; *City of Calexico, supra*, 64 Cal.App.5th at p. 195; accord *Valero, supra*, 49 Cal.App.5th at p. 633, fn. 10.)

C. *Officer Meinhardt's arguments to the contrary are ultimately unpersuasive*

Officer Meinhardt's supplemental letter brief on appealability contends that the August 6 ruling was not a final judgment. Although he makes several arguments that are worthy of consideration, for the reasons described below, we conclude that none is persuasive.

1. *A ruling on a petition for writ of administrative mandate that is denominated an "order" constitutes a judgment when such order has the effect of a final judgment*

Officer Meinhardt properly notes that "[t]he right to appeal is 'entirely statutory and subject to complete legislative control.' ([Quoting,] *Trede v.*

*Superior Court* (1943) 21 Cal.2d 630, 634.)" He further notes that section 1094.5, subdivision (f) provides that the " 'court ***shall*** enter judgment,' " (italics added by Officer Meinhardt) and that section 1094.5, subdivision (g) refers to the taking of a notice of appeal, " 'from the judgment.' " Thus, he contends "[e]ntering judgment is not optional; the court ***must*** do so before an appeal can proceed."

This argument is ultimately unpersuasive because, as stated in part III.A.2.a, *ante*, section 1064 defines a judgment as "the final determination of the rights of the parties therein," and case law is clear that a ruling issued in the *form* of an order constitutes a judgment if it is a judgment in *effect*. Indeed, in *Dhillon*, our Supreme Court relied on this principle in rejecting a party's argument that "the trial court's *order* here was not a final judgment because it was not a 'judgment' as that term is defined by subdivision (f) of Code of Civil Procedure section 1094.5." (*Dhillon, supra*, 2 Cal.5th at p. 1117, fn. 3, italics added.)[16]

---

[16] In his supplemental brief, Officer Meinhardt also contends that the requirement that a document denominated as a judgment be filed is supported by the "procedures issued by the Sacramento County Superior Court for the conduct of writ proceedings," which he contends is "the only superior court that issues clearly defined writ procedures." He maintains that such rules provide in relevant part: " '[I]f the court denies the writ petition, the party designated by the court shall . . . prepare, serve on all parties, and present to the court a judgment denying the petition.' " (Emphasis omitted.)

We question the relevance of the Sacramento County Superior Court rules to this matter arising in Santa Clara County. However, even assuming the potential relevance of such rules, the fact that the only "superior court that issues clearly defined writ procedures," provides for the entry of a "judgment," does not establish that the August 6 ruling in this case is not a judgment. Again, " ' "[i]t is not the form of the decree but the substance and effect of the adjudication which is determinative." ' " (*Dhillon, supra*, 2 Cal.5th at p. 1115.)

### 2. *Officer Meinhardt's "premature" appeal theory is unpersuasive*

Officer Meinhardt argues that an order granting or denying a writ petition is *not* a judgment, but that it may be *deemed* a judgment in order to permit a "premature" appeal from such an order to proceed. He contends that the "***equitable*** sentiments" that underlie "*Griset* and other cases[17]" is "to *preserve*, not deny, parties' appeal rights by preventing premature appeals from being kicked out for the technicality that no judgment was entered." In support of this contention, he cites to cases in which courts have deemed a *nonappealable* order to be a "premature but valid [notice of] appeal from the subsequently entered judgment," (italics omitted) in other contexts. (Citing, inter alia, *In re Social Services Payment Cases* (2008) 166 Cal.App.4th 1249, 1262 ["Although the appeal was taken from the nonappealable order sustaining the demurrer, we treat the notice of appeal as a premature but valid notice of appeal from the subsequently entered judgment," citing former rule 8.104(e)(2), current rule 8.104(d)(2)].)[18]

According to Officer Meinhardt, he was not *required* to appeal from the purportedly nonappealable August 6 ruling denying his petition for writ of mandate. He argues, "[t]he takeaway is that because appellant correctly filed

---

17    Although Officer Meinhardt does not refer to the cases by name, we understand his argument to be an attempt to distinguish the vast number of cases, several of which are discussed in part III.A.2.c, *ante*, in which courts have determined that an order granting or denying a petition for writ of mandate was a final judgment.

18    Former rule 8.104(e)(2) provided, "The reviewing court may treat a notice of appeal filed after the superior court has announced its intended ruling, but before it has rendered judgment, as filed immediately after entry of judgment." This provision is currently contained in rule 8.104(d)(2).

his appeal within 60 days after notice of entry of judgment[19] he required neither application of the safe harbor rule nor [r]ule 8.104(d) [pertaining to premature appeals] to make his appeal valid." (Boldface omitted.)

We acknowledge that there is language in some case law that is arguably consistent with such a theory. For example, the *Public Defenders' Organization* court stated, "[A]n order granting or denying a petition for an extraordinary writ constitutes a final judgment for purposes of an appeal, *even if the order is not accompanied by a separate formal judgment*," thereby potentially suggesting the legal relevance of a "separate formal judgment." (*Public Defenders' Organization, supra*, 106 Cal.App.4th at p. 1409.) We reject this argument for several reasons.

To begin with, unlike in *In re Social Services Payment Cases, supra*, 166 Cal.App.4th 1249, in none of the cases cited in part III.A.2.c, *ante*, did the reviewing court state that an order granting or denying a petition for an extraordinary writ is *nonappealable*. Nor did any of these cases cite to the rule of court pertaining to *premature* appeals.[20]

---

19    Officer Meinhardt intends to refer here to the "judgment" signed on September 17 and filed on September 25.

20    We are not aware of any commentators that have viewed these cases as involving a premature appeal. One treatise refers to several types of such orders in its discussion of premature appeals from nonappealable orders, but does *not* list an appeal from an order granting or denying a petition for writ of mandamus. (See Civil Appeals and Writs, *supra*, ¶ 2:262 ["[S]ome appeals erroneously taken from a nonappealable order may be 'saved' by the court of appeal if the defect is really only one in formality. Usually, this 'saving' power is invoked only where the appeal is mistakenly taken from an order preliminary to rendition of a final judgment (e.g., *sustaining a demurrer, granting summary judgment, or granting judgment on the pleadings*) when it should have been taken from the subsequent judgment on such order" (italics altered)].)

26

Further, orders such as those sustaining a demurrer, granting summary judgment, or granting judgment on the pleadings do not necessarily completely resolve all of the causes of action in a case. For example, in the summary judgment context, "[t]here are two steps: an order granting the motion (nonappealable preliminary order), and a judgment entered thereunder (final judgment, appealable as in other cases)." (9 Witkin, Cal. Proc. 5th Appeal § 145 (2020); see § 437c, subd. (m) [distinguishing between a "summary judgment" that is an "appealable judgment," and a "order pursuant to this section"].) The summary judgment statute makes clear that an order granting summary judgment does *not* conclusively resolve the action. (See § 437c, subd. (k) ["Unless a separate judgment may properly be awarded in the action, a final judgment shall not be entered on a motion for summary judgment before the termination of the action, but the final judgment shall, in addition to any matters determined in the action, award judgment as established by the summary proceeding provided for in this section"].)

In contrast, an order granting or denying a petition for writ of mandate in its entirety, when such order contemplates the taking of no further action in the case, concludes the special proceeding of a civil nature. As such, it is properly considered a final judgment. (See *Dhillon, supra*, 2 Cal.5th at

Rather, the treatise characterizes an order granting or denying a writ petition as an example of a "[f]inal [j]udgment[ ]." (Civil Appeals and Writs, *supra*, heading before ¶ 2:21; see *id.* at p. ¶ 2:111 ["A petition to the superior court for a writ of certiorari, mandamus or prohibition initiates a 'special proceeding' [citation]. As such, a judgment or order granting or denying the petition is generally appealable. (Citing cases, inter alia, *Public Defenders' Organization, supra*, 106 Cal.App.4th at p. 1409 and quoting *Valero, supra*, 49 Cal.App.5th at p. 633, fn. 10 [" 'the appealable judgment was the court's order granting a writ of mandate, not a "judgment" that it subsequently entered' "].)

27

p. 1115.) Thus, *Dhillon* supports the principle that an order that finally resolves a petition for writ of mandate *is* itself a final judgment, rather than the theory that such order may be *deemed* a final judgment if an appeal is taken therefrom.

*Griset*, which Officer Meinhardt properly notes did refer to a " 'premature but valid appeal from the judgment,' " (*Griset, supra*, 25 Cal.4th at p. 700, quoting *Morehart v. County of Santa Barbara* (1994) 7 Cal.4th 725, 740 (*Moreheart*))[21] is distinguishable because the order at issue in *Griset* disposed of *both* a petition for writ of mandate and several *other* causes of action. (*Id.* at pp. 699–700.) It was in this context that the Supreme Court stated, "When, as here, a trial court's order from which an appeal has been taken disposes of the entire action, the order 'may be amended so as to convert it into a judgment encompassing actual determinations of all remaining issues by the trial court or, if determinable as a matter of law, by the appellate court, and the notice of appeal may then be treated as a premature but valid appeal from the judgment.' " (*Id.* at p. 700.)

3. *None of the case law that Officer Meinhardt cites demonstrates that his appeal was timely filed*

Officer Meinhardt also cites two cases in support of his contention that his appeal was timely filed. He notes that in *Protect Our Water v. County of*

_____

[21] In *Morehart,* the California Supreme Court referred to the premature appeal doctrine as a "judicially created exception[ ]" to the one final judgment rule. (*Morehart, supra,* 7 Cal.4th at p. 740.) The *Morehart* court concluded that the doctrine provided an *insufficient* justification for a court of appeal's decision that a judgment disposing of fewer than all of the causes of action in a matter was appealable. (See *id.* at p. 741, discussing *Schonfeld v. City of Vallejo* (1975) 50 Cal.App.3d 401, 418.) *Morehart* offers no support for Officer Meinhardt's contention that an order granting or denying a petition for writ of mandate in its entirety is appealable pursuant to the premature appeal doctrine.

*Merced* (2003) 110 Cal.App.4th 362 (*Protect Our Water*), in an appeal from a judgment denying a petition for writ of mandate, the Court of Appeal stated the following in a footnote:

> "[Respondent] filed a motion to dismiss the appeal as untimely, arguing the appeal was filed more than 60 days after service of the order denying the writ of mandate. However, the appeal was filed within 60 days after entry of the judgment, and the judgment is appealable. (See *Catalina Investments, Inc. v. Jones* (2002) 98 Cal.App.4th 1, 5, fn. 3; *MCM Construction, Inc. v. City and County of San Francisco* (1998) 66 Cal.App.4th 359, 367, fn. 3.)"

We respectfully decline to follow this footnote of *Protect Our Water* to the extent that it may be read to suggest that an order that fully resolves a petition for writ of mandate and contemplates no further action in this case is not a judgment.[22] The court's analysis is cursory, and fails to address *Laraway, supra*, 98 Cal.App.4th 579 or discuss the cases on which it relies. Further, the two cases that the *Protect Our Water* court cites do not, in our view, persuasively support the *Protect Our Water* court's denial of the motion to dismiss. *Catalina Investments, Inc. v. Jones, supra*, 98 Cal.App.4th 1, states merely that "a judgment denying a petition for writ of mandate is appealable," without discussing the type of ruling that constitutes a judgment. (*Id.* at p. 5, fn. 3.) In *MCM Construction, Inc.*, the court stated, "both the order denying its writ petition and the final judgment are appealable orders where no issues remain to be determined." (*MCM Construction, Inc. v. City and County of San Francisco, supra*, 66 Cal.App.4th at p. 367, fn. 3.) However, in our view, neither an order denying a writ

---

[22] The *Protect our Water* court did not discuss whether the order in that case completely resolved all of the issues in the case and contemplated no further action in the matter.

29

petition, nor a final judgment, is an "appealable *order*[ ]." (*Ibid.*, italics added.)[23]  For the reasons set forth in this opinion, an order that finally resolves a petition for writ of mandate *is* a final *judgment*, and there can be only one judgment in any given special proceeding or action.  (See, e.g., *Passavanti v. Williams* (1990) 225 Cal.App.3d 1602, 1605–1606 [discussing the distinction between an order and a judgment and stating "while there may be numerous orders made throughout a proceeding, there is only one judgment" (*id.* at p. 1605)].)

Officer Meinhardt also cites *Hadley v. Superior Court* (1972) 29 Cal.App.3d 389 (*Hadley*).  In *Hadley*, a court clerk entered a minute order denying a petition for writ of mandate.  (*Id.* at p. 392.)  Contending that no final judgment had been entered, the petitioner subsequently filed a motion for entry of judgment.  (*Ibid.*)  After the trial court denied the motion, the petitioner filed an application for writ of mandate in the Court of Appeal directing the trial court "to render and enter judgment in [the action] pending in respondent court . . . ."  (*Id.* at p. 391.)  The *Hadley* court issued a peremptory writ requiring respondent court to enter judgment.  (*Id.* at p. 396.)  The *Hadley* court reasoned that "a minute order *signed by the clerk* and entered in the minutes," does not constitute a "final judgment in a proceeding for administrative mandamus after the issuance of an alternative writ and trial on the merits."  (*Id.* at p. 393, italics altered.)

---

23    No case of which we are aware has identified a *statute* making an order granting or denying a petition for writ of mandate an appealable *order*. Because all orders are nonappealable unless identified by statute (see, e.g., *Draus v. Alfred M. Lewis, Inc.* (1968) 261 Cal.App.2d 485, 489), an order granting or denying a petition for writ of mandate is not an appealable *order*. Although, as stated throughout this opinion, an order granting or denying a petition for writ of mandate that is a final judgment in effect is a final *judgment*.

30

It is well established that a minute order dismissing a case that is *not* signed by a judge is not a judgment. (See *Katzenstein v. Chabad of Poway* (2015) 237 Cal.App.4th 759, 765; see § 581d.) Thus, we agree with the *Hadley* court to the extent that it concluded that an *unsigned* minute order denying a petition for writ of mandate is not a judgment.[24] However, to the extent that *Hadley* may be read to suggest that a formal document titled "judgment" must be filed in order for there to be a final judgment on a petition for writ of mandate, we decline to follow such reasoning, which we consider to be inconsistent with that espoused in *Dhillon* and the case law discussed in part III.A.2.c, *ante*. (See also Cal. Civil Writ Practice (Cont.Ed.Bar) § 11.8 No Formal Judgment Necessary [stating that *Hadley* "has not been followed and seems to be an anomaly based on the [C]ourt of [A]ppeal's determination that formal entry of judgment was contemplated"]; 9 Witkin, Cal. Proc. 6th Appeal § 165 (Order Granting or Denying Writ) ["a superior court order either granting or denying the petition [for writ of mandate] is appealable, and this rule applies even if the order is not accompanied by a separate, formal judgment"].)

4.  *We continue to follow* Laraway

Finally, Officer Meinhardt offers "seven reasons," why this court should not follow *Laraway*. While the bulk of these arguments are addressed by our analysis above, in the interests of fairness and completeness, we discuss each contention here. We also note that Officer Meinhardt does not contend that any cases have questioned the reasoning of *Laraway* since its publication in 2002, and we are not aware of any such cases.

---

[24]    In this case, as noted in part II.B, *ante*, the August 6 order is a formal order signed by a judge.

First, Officer Meinhardt notes that *Laraway* was not brought pursuant to section 1094.5, and contends that the trial court in that case "was not obligated to 'enter judgment' as [section 1094.5, subdivision (f)] requires in an administrative mandamus action." Yet, as explained in pt. III.A.2.b, *ante*, under *Dhillon*, an order on a petition for writ of administrative mandate brought pursuant to section 1094.5 *is* a judgment if "no issue is left for future consideration except the fact of compliance or noncompliance with the terms of the first decree." (*Dhillon, supra*, 2 Cal.5th at p. 1115.)

Second, Officer Meinhardt states that *Laraway* "appears to be the only published case in California that has dismissed an appeal as untimely," for failure to timely appeal in this context. The *Laraway* and the *City of Calexico* courts both dismissed appeals in this context, and, for the reasons stated in this opinion, we find the reasons for these dismissals to be persuasive. Thus, we also reject Officer Meinhardt's third argument that *Laraway* takes "laudable efforts to **preserve** appellate rights and transforms them into a mandate to **extinguish** appellate rights," his fourth argument that *City of Calexico* should not be "applied retroactively to appellant," and his fifth argument that *Laraway* and *City of Calexico* fail to "account" for the fact that an appeal from an order denying a petition for writ of mandate is, according to Officer Meinhardt, a "premature" appeal.

We also reject Officer Meinhardt's sixth argument that application of the holdings in the *Laraway* / *City of Calexico* line of cases is undesirable because it would force "litigants to appeal every conceivable final order." The law is well established that, as the *Dhillon* court stated, a judgment is determined by its "effect" rather than its "form." (*Dhillon, supra*, 2 Cal.5th at p. 1115.) Consequently, litigants seeking appellate review of a ruling that is, in effect, a judgment are required to timely appeal from such judgment.

32

Finally, Officer Meinhardt argues that there "is an overwhelming fairness and equity issue," (boldface omitted) and contends that the "rules are clear and appellant followed them." In our view, Officer Meinhardt's "fairness" argument is unpersuasive given that *Laraway* has been the law for nearly 20 years and has recently been applied by this court in *City of Calexico*, *and* numerous courts have repeatedly held that "an order granting or denying a petition for an extraordinary writ constitutes a final judgment for purposes of an appeal . . . ." (*Public Defenders' Organization, supra*, 106 Cal.App.4th at p. 1409; see cases cited in pt. III.A.2.c*, ante*.)

D.  *Officer Meinhardt's appeal must be dismissed*

We concluded in part III.B, *ante*, that the August 6, 2020 ruling is a final appealable judgment. That same day, the clerk of court served the parties with the August 6 ruling and filed a proof of service showing the date that the ruling was served. (See pt. II.B, *ante*.) Pursuant to rule 8.104(a)(1)(A), the 60-day period for filing a notice of appeal began August 6, 2020 and ended on October 5, 2020. Thus, Officer Meinhardt's October 15 notice of appeal, even if liberally construed as seeking to appeal the August 6 ruling,[25] was not timely filed and his appeal must be dismissed.[26] (*Laraway,*

---

[25]   As noted in pt. II.E, *ante*, Officer Meinhardt's notice of appeal indicated that he was appealing from the September 17, 2020 "judgment."

[26]   In addition, the Board served notice of entry of the August 6, 2020 judgment on August 14, 2020 (see pt. II.C, *ante*), thereby triggering the 60-day period under rule 8.104(a)(1)(B). Because 60 days from August 14, 2020 was October 13, 2020, Officer Meinhardt's October 15, 2020 notice of appeal also is not timely filed under rule 8.104(a)(1)(B).

The sole argument that Officer Meinhardt offers in his supplemental brief on appeal is that the August 6 ruling is *not* a final judgment. Officer Meinhardt presents no argument that his appeal was timely filed, assuming that the August 6 ruling *is* a final judgment.

*supra*, 98 Cal.App.4th at p. 582; *City of Calexico, supra*, 64 Cal.App.5th at p. 196; rule 8.104(b).)

IV.

DISPOSITION

The appeal is dismissed.  Officer Meinhardt is to bear costs on appeal.


AARON, Acting P. J.

WE CONCUR:

IRION, J.

GUERRERO, J.